## UNITED STATES DISTRICT COURT
## OF COLORADO

JTI SUPPLIES LLC                              §
                                             §
         *Plaintiff*                          §
                                             §    Case No. _____
v.                                           §
                                             §
ESSENTIALLY ENGINEERED, LLC                   §
                                             §    **JURY TRIAL DEMANDED**
         *Defendant*                          §
                                             §
                                             §

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff JTI Supplies LLC files this complaint for patent infringement against Essentially Engineered, LLC and alleges as follows:

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, et seq.

2.      Plaintiff JTI Supplies LLC is a California limited liability company. Plaintiff's mailing address is 127 Radio Rd., Corona, CA 92879. Plaintiff's agent for service of process is Holly Bouchie, with the same mailing address.

3.      Essentially Engineered, LLC is a Wyoming company with its principal place of business located at 6901 W. 117th Ave., Broomfield CO 80020.

4.      Defendant operates the website https://integraltruck.com/.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant. Defendant is present in this District and can be served with process here.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because the Defendant resides, has its principal place of business, or is incorporated in this District, and has committed and continues to commit patent infringement in this District. Defendant makes, uses, sells, or offers to sell infringing products to consumers in Colorado and this District.

### THE PATENT-IN-SUIT

8.      Zackary Kasanjian-King is the sole named inventor of United States Patent No. 12,466,305 ("the '305 Patent") entitled "RATCHET SYSTEM." The '305 Patent issued on November 11, 2025. A true and correct copy of the '305 Patent is attached as **Exhibit A**.

9.      The '305 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

10.     The '305 Patent issued from the prosecution of application No. 19/004,975, filed on December 30, 2024. The '305 Patent claims priority to a provisional application—U.S. Application No. 63/718,219, filed November 8, 2024.

11.     Plaintiff is the assignee of all rights, title, and interest in and to the '305 Patent.

12.     The '305 Patent discloses a novel ratchet system.

13.     Plaintiff sells products covered by the '305 Patent. Plaintiff sells its Ultimate Ratchet Straps® on its website, available at https://juggernautdesigns.com/ultimate-retractable-ratchet-straps.

14.     Plaintiff has experienced significant commercial success since it began selling product covered by the '305 Patent. Since introduction, the demand for the product has been significant. Based on Plaintiff's success in the market, manufacturers—like Defendant—have copied Plaintiff's product.

**COMPLAINT FOR PATENT INFRINGEMENT**                                          **PAGE 2**

15.     Plaintiff contacted Defendant to discuss the prospects of an amicable resolution without involving attorneys or the courts. Defendant declined to discuss the matter with Plaintiff.

16.     Defendant began with one infringing product. Defendant has now expanded into multiple separate infringing products. Defendant's infringement is causing damage to Plaintiff—due at least to loss of sales.

<u>**COUNT I: INFRINGEMENT OF THE '305 PATENT**</u>
<u>**35 U.S.C. §271**</u>

17.     Plaintiff incorporates and alleges, as though fully set forth herein, the allegations contained in the paragraphs above.

18.     Defendant, directly and/or through intermediaries and without Plaintiff's consent, makes, uses, sells, offers to sell ratchet systems that directly infringe one or more claims of the '305 Patent under 35 U.S.C. § 271(a), including at least claim 1, in this district and elsewhere in the United States.

19.     Infringing systems include the Integral Swivel Straps,[1] sold for various vehicles, such as:

    a.     Ford Boxlink - F150/Raptor (2015+), Ford Super Duty (2017+),

    b.     Toyota Tundra (2007+),

    c.     Integral Swivel Straps Universal,

    d.     Chevrolet Silverado & GMC Sierra (1500 2019+, HD 2020+),

    e.     RAM 2500/3500

    f.     Integral Rail.

20.     A chart—identifying where each limitation of claim 1 is present in the Accused Products—is attached as **Exhibit B**. This infringement chart is based on Plaintiff's current

---

[1]  *See* https://integraltruck.com/collections/integral-straps (last accessed April 24, 2026).

**COMPLAINT FOR PATENT INFRINGEMENT**                                                    **PAGE 3**

understanding of the Accused Products. Further, the chart does not set forth all of Plaintiff's infringement theories. In the chart, Plaintiff analyzes the Swivel Straps for Ford BoxLink as an exemplar Accused Product. A similar analysis applies to the other Accused Products.

21.  At least by way of installation instructions, Defendant induces its customers to infringe the '305 Patent under 35 U.S.C. § 271(b). Defendant, via its website and installation instructions, provides users with instructions on how to install the ratchet in a vehicle.

22.  Defendant knows of the '305 Patent at least by virtue of service on Defendant of this Complaint.

23.  Defendant also has knowledge that the induced acts constitute patent infringement.

24.  Defendant and its customers directly infringe the '305 Patent by installing the ratchet system on a structure, such as a truck. The Accused Product is adapted for use on a truck. As such, Defendant is liable for contributory infringement under 35 U.S.C. § 271(c), as each Accused Product has no substantial, non-infringing use and constitutes a material part of the ratchet defined in at least claim 1 of the '305 Patent.

25.  Defendant's acts of infringement were undertaken without permission or license from Plaintiff.

26.  But for Defendant's infringement, Plaintiff would have sold its ratchet systems and other unpatented products to Defendant's customers. Plaintiff is entitled to lost profits under 35 U.S.C. § 284.

27.  Plaintiff has been and continues to be damaged and is entitled to no less than a reasonable royalty pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

28.  Because this case is exceptional, Plaintiff is entitled to reasonable attorneys' fees under 35 U.S.C. § 285.

29.     Plaintiff has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law.

30.     Plaintiff and all predecessors in interest to the '305 Patent complied with all marking requirements under 35 U.S.C. § 287.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

A.     A judgment in favor of Plaintiff that Defendant Essentially Engineered, LLC has infringed and is infringing the '305 Patent under 35 U.S.C. § 271;

B.     An order adjudging Defendant Essentially Engineered, LLC to have willfully infringed the '305 Patent under 35 U.S.C. § 271;

C.     A preliminary injunction enjoining Defendant Essentially Engineered, LLC, its officers, directors, agents, servants, resellers, retailers, employees, attorneys, and those persons acting in concert or participation with them, from making, using, selling, offering for sale, and importing the Accused Products until a trial on the merits has been completed;

D.     An order permanently enjoining Defendant Essentially Engineered, LLC, its officers, directors, agents, servants, resellers, retailers, employees and attorneys, and those persons acting in concert or participation with them, from making, using, selling, offering for sale, and importing the Accused Products or from further infringing the '305 Patent;

E.     A judgment and order finding Defendant Essentially Engineered, LLC liable and requiring Defendant Essentially Engineered, LLC to pay Plaintiff damages either in the form of lost profits or a reasonable royalty for Defendant Essentially Engineered, LLC's infringement of the '305 Patent, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and enhanced damages under 35

**COMPLAINT FOR PATENT INFRINGEMENT**                                              **PAGE 5**

U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

F.    An order adjudicating this case as exceptional;

G.    An award to Plaintiff under 35 U.S.C. § 285 of all attorneys' fees and costs incurred by Plaintiff in connection with this action;

H.    An award to Plaintiff of an ongoing royalty for Defendant Essentially Engineered, LLC's post-judgment infringement in an amount according to proof if a permanent injunction preventing future acts of infringement is not granted; and

I.    Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff JTI Supplies LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 24, 2026                    Respectfully submitted,


                                         /s/ *Casey Griffith*

                                         **BRAXTON IP PLLC**

                                         Bobby W. Braxton
                                         Colorado Bar No. is 57690
                                         bbraxton@braxtonip.com

                                         401 E. Main Street, Suite 25
                                         Montrose, CO 81401
                                         (469) 814-0032

                                         **GRIFFITH BARBEE PLLC**

                                         Casey Griffith
                                         Texas Bar No. 24036687
                                         Casey.Griffith@griffithbarbee.com

                                         One Arts Plaza
                                         1722 Routh St., Ste. 910
                                         Dallas, Texas 75201
                                         (214) 446-6020 | main
                                         (214) 446-6021 | fax

                                         **Attorneys for Plaintiff**
                                         **JTI Supplies LLC**