### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

JTI SUPPLIES LLC,

Plaintiff,

v.                                                        Civil Action No.: 26-cv-01750-PAB-NRN

ESSENTIALLY ENGINEERED, LLC,

Defendant.

### DEFENDANT'S PARTIAL MOTION TO DISMISS

Defendant Essentially Engineered, LLC ("Essentially Engineered") respectfully moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the indirect-infringement counts (induced and contributory), the willful-infringement and enhanced-damages allegations, and the infringement claims directed to uncharted accused product lines pleaded in the Complaint (Dkt. 1, the "Complaint") of Plaintiff JTI Supplies LLC ("JTI").

## I.     INTRODUCTION

JTI pleaded a direct-infringement case and then attached indirect, willful, and multi-product labels to it by reciting statutory elements rather than facts. Four defects, each independent, warrant dismissal under Rule 12(b)(6):

First, the induced-infringement claim fails. The Complaint alleges Essentially Engineered learned of U.S. Patent No. 12,466,305 (the "'305 patent") "by virtue of service" of the Complaint (Compl. ¶ 22), and it pleads no facts showing the specific intent that 35 U.S.C. § 271(b) requires for pre- or post-suit inducement.

Second, the contributory-infringement claim is not plausibly pleaded. The accused products are complete, standalone "ratchet systems," not components of a larger patented combination, so § 271(c) does not apply. The allegation also rests on a bare recitation that each product has "no substantial, non-infringing use" (Compl. ¶ 24), without any supporting facts.

1

Third, the willfulness and enhanced-damages allegations are unsupported and pleaded as an afterthought.

Fourth, JTI charts a single exemplar (the "Ford BoxLink" product) and then asserts in conclusory fashion that a "similar analysis applies to the other Accused Products" (Compl. ¶ 20) across six or more distinct product lines. That blanket assertion does not make infringement of the uncharted lines plausible.

This is a partial motion. Essentially Engineered does not, by this motion, seek dismissal of the direct-infringement allegation as to the charted Ford BoxLink product. By declining to challenge that allegation at the pleading stage, Essentially Engineered does not concede infringement and expressly reserves all non-infringement, invalidity, and claim-construction arguments.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and legal conclusions couched as factual allegations receive no presumption of truth. *Id.* A patentee cannot simply recite claim language and identify an accused product; it must allege facts making it plausible that the accused product meets the claimed limitations. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352–53 (Fed. Cir. 2021).

## III.    ARGUMENT

### A.    The Induced-Infringement Claim Should Be Dismissed

A claim for induced infringement under 35 U.S.C. § 271(b) requires the plaintiff to plead facts plausibly establishing each of the following elements: (1) an act of direct infringement by a third party; (2) the defendant's knowledge of the asserted patent; (3) the defendant's knowledge that the induced acts constitute infringement; and (4) the defendant's specific intent to encourage the third party's infringement. *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,

681 F.3d 1323, 1339 (Fed. Cir. 2012); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305-1306 (Fed. Cir. 2006). Knowledge and intent are distinct requirements: knowledge of the patent does not establish the culpable intent § 271(b) demands, because "[i]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med.*, 471 F.3d at 1306. The Complaint's indirect-infringement allegations are confined to paragraphs 21–23. They fail to plead elements (2), (3), and (4), and they fail across two distinct time periods for two independent reasons: the pre-suit period fails for want of knowledge, and the post-suit period fails for want of intent.

**1. Pre-suit inducement fails because the Complaint pleads no knowledge of the '305 patent (element 2).** Paragraph 22 alleges only that Essentially Engineered "knows of the '305 Patent at least by virtue of service on Defendant of this Complaint." No pre-suit knowledge is pleaded. The sole other knowledge-related allegation, that JTI "contacted Defendant to discuss the prospects of an amicable resolution" (Compl. ¶ 15), does not allege that the '305 patent was ever identified, and knowledge of a patent cannot be inferred from a vague invitation to talk. Because knowledge of the patent is a prerequisite to indirect liability, inducement must be dismissed as to all conduct before service. This District dismissed pre-suit inducement on materially identical facts in *Bovino v. Levenger Co.*, No. 14-cv-00122-RM-KLM, 2015 WL 1064082, at *4 (D. Colo. Mar. 9, 2015) (Moore, J.), holding that where the plaintiff "fails to plead any facts as to Defendant's knowledge prior to the filing of the Complaint, any claim as to induced infringement which occurred prior to the filing of the Complaint is not adequately pled and fails to state a claim."

**2. Post-suit inducement fails because the Complaint fails to plausibly plead specific intent to encourage infringement (element 4).** Essentially Engineered does not contend that knowledge acquired upon service is categorically insufficient to support a going-forward inducement theory. *See Bovino*, 2015 WL 1064082, at *4 (sustaining inducement "for acts occurring on and subsequent to the filing date of the Complaint"). But knowledge is not intent, and the post-suit claim fails on the separate, independently required element of specific intent. The only intent-related allegation is that "Defendant, via its website and installation instructions,

3

provides users with instructions on how to install the ratchet in a vehicle." Compl. ¶ 21. Providing instructions for a product's ordinary, intended use is not the "culpable conduct, directed to encouraging another's infringement" that § 271(b) requires. *DSU Med.*, 471 F.3d at 1306.

**3. The Complaint fails to plead knowledge that the induced acts infringe (element 3).** Independent of timing, paragraph 23 alleges in a single conclusory sentence that Essentially Engineered "also has knowledge that the induced acts constitute patent infringement." This is a verbatim recital of a statutory element entitled to no presumption of truth. *Iqbal*, 556 U.S. at 678. Even crediting service as supplying knowledge of the '305 patent, the Complaint pleads no facts showing Essentially Engineered knew that a customer's installation would satisfy every limitation of claim 1. For these reasons, the induced-infringement claim should be dismissed for both pre- and post-suit time periods.

### B.      The Contributory-Infringement Claim Should Be Dismissed

A claim for contributory infringement under 35 U.S.C. § 271(c) requires the plaintiff to plead facts plausibly establishing each of the following elements: (1) that the accused product is a ***component*** of a patented combination or a material or apparatus for use in practicing a patented process — not a finished, standalone product; (2) that the component has no substantial non-infringing use; (3) the defendant's knowledge of the asserted patent; and (4) the defendant's knowledge that the component is especially made or adapted for an infringing use. 35 U.S.C. § 271(c); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). The Complaint's sole contributory allegation (Compl. ¶ 24) fails to plausibly plead elements (1), (2), and (4).

**1. The accused products are finished goods, not components (element 1).** Section 271(c) reaches only a "component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process," that lacks substantial non-infringing use. By its own allegations, the Complaint describes the accused products as complete, standalone "ratchet systems" that infringe claim 1 on their own, and the contributory allegation ties the theory to "the ratchet defined in at least claim 1" — the very claim the direct-infringement count accuses the products of practicing. Compl. ¶¶ 18–19, 24. A product

4

alleged to infringe a claim directly is the subject of a § 271(a) claim; it is not a "component" of some larger patented combination under § 271(c).

**2. The "no substantial non-infringing use" allegation is a bare recital (element 2).** Even if the products could somehow be treated as components, paragraph 24 alleges only that "each Accused Product has no substantial, non-infringing use." That is a verbatim restatement of the statutory element, unaccompanied by any supporting fact, and a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

**3. The Complaint fails to plausibly plead knowledge that the component is especially adapted for infringing use (element 4).** Contributory infringement requires knowledge of the patent and knowledge that the component is especially made or adapted for an infringing use. *Commil*, 575 U.S. at 639. While the Complaint alleges "The Accused Product is adapted for use on a truck" (Compl. ¶ 24), it does not allege knowledge of that fact. For the reasons set forth above, no pre-suit knowledge of the '305 patent is alleged, and even crediting knowledge upon service, the Complaint pleads no facts showing that Essentially Engineered knew its products were especially adapted for an infringing use rather than sold for ordinary use.

**C.      The Willfulness and Enhanced-Damages Allegations Should Be Dismissed**

JTI's willfulness and enhanced-damages theories are governed by distinct standards, and each fails independently.

**1. Willful infringement.** Willful infringement requires "no more than deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021) (quoting *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020)). To plead willfulness, then, JTI must allege facts plausibly showing (a) the defendant's knowledge of the '305 patent and (b) deliberate or intentional infringement of it. The Complaint fails across both the pre-suit and post-suit periods, for two independent reasons.

As to the pre-suit period, the claim fails for want of knowledge. Deliberate or intentional infringement of a patent presupposes awareness of that patent, and the Complaint pleads no pre-suit knowledge: it admits Essentially Engineered learned of the '305 patent "at least by virtue of

service" of the Complaint (Compl. ¶ 22), and paragraph 15's vague reference to an "amicable resolution" never identifies the '305 patent. There can be no deliberate infringement of a patent the defendant did not know existed.

As to the post-suit period, the claim fails on the conduct element. Essentially Engineered does not contend that post-filing knowledge is categorically insufficient to support willfulness. Even crediting knowledge upon service, however, the Complaint plausibly pleads no facts of deliberate or intentional infringement. Willfulness appears only in the prayer for relief (Prayer ¶ B). A bare prayer and a label are not factual allegations of deliberate conduct and do not satisfy *SRI* or *Iqbal*.

**2. Enhanced damages.** Enhanced damages present a separate and higher question. "[A]n award of enhanced damages does not necessarily flow from a willfulness finding." *SRI*, 14 F.4th at 1330 (quoting *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1382 (Fed. Cir. 2017)). Enhancement remains discretionary and is reserved for "egregious cases of misconduct" that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–04, 110 (2016). The Complaint pleads no such conduct. The allegation that Essentially Engineered "began with one infringing product" and "expanded into multiple separate infringing products" (Compl. ¶ 16) describes ordinary commercial activity, not the flagrant, pirate-like behavior *Halo* demands. The enhanced-damages demand should be dismissed.

### D.    The Claims Against the Uncharted Product Lines Should Be Dismissed

To plausibly allege infringement as to any accused product, the Complaint must plead facts making it plausible that *that product* meets each limitation of the asserted claim; it is not enough to name a product and assert in conclusory fashion that it infringes. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352–53 (Fed. Cir. 2021). The Complaint does not meet that requirement for any product other than the charted "Ford BoxLink" product.

Paragraph 19 identifies at least six distinct accused product lines: Integral Swivel Straps for Ford BoxLink (F-150/Raptor and Super Duty), Toyota Tundra, the Universal model, Chevrolet

Silverado/GMC Sierra, and RAM 2500/3500, plus the Integral Rail. Paragraph 20 concedes that the Exhibit B claim chart "analyzes the Swivel Straps for Ford BoxLink as an exemplar Accused Product" and asserts only that "[a] similar analysis applies to the other Accused Products."

That single sentence does not make infringement of the other product lines plausible. A patentee need not chart every claim element, but it must plead facts making it plausible that each accused product meets the claim limitations. *Bot M8*, 4 F.4th at 1352–53. Charting one product and asserting the rest infringe "similarly" supplies no facts about the others. The gap is concrete, not merely formal: claim 1 includes limitations directed to specific mounting hardware — a "first pivot point" comprising "a vertical bolt" and a "second pivot point" comprising "a horizontal bolt" — and the Exhibit B chart purports to map those limitations only to the Ford BoxLink product. The Complaint pleads no facts showing that the Toyota, Universal, Chevrolet/GMC, RAM, or Integral Rail products share the specific configuration the chart depicts for the Ford product. Because the only factual basis for infringement is tied to a single exemplar, the Complaint leaves the remaining claim-to-product mapping entirely to assumption.

Nor does the prospect of later-served infringement contentions excuse this pleading deficiency. The District's Local Patent Rules govern the timing and content of infringement *contentions*; they do not relax the independent Rule 8 plausibility threshold a complaint must satisfy at the outset. *See* D.C.COLO.LPtR 4; *Bot M8*, 4 F.4th at 1352–53. Naming a product line and pointing to a single exemplary chart, without more, is not a plausible factual allegation as to the other lines. Essentially Engineered should not have to defend products for which the Complaint states no plausible claim. The allegations directed at the uncharted product lines should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Essentially Engineered respectfully requests that the Court:

- Dismiss Plaintiff's claim for induced infringement under 35 U.S.C. § 271(b) (Complaint ¶¶ 21–23) without prejudice;

- Dismiss Plaintiff's claim for contributory infringement under 35 U.S.C. § 271(c) (Complaint ¶ 24) without prejudice;

- Dismiss Plaintiff's allegations of willful infringement (Prayer for Relief ¶ B) and enhanced damages under 35 U.S.C. § 284 (Prayer for Relief ¶ E) without prejudice;

- Dismiss without prejudice Plaintiff's allegations of infringement directed to any Accused Product other than the Ford BoxLink Swivel Strap product charted in Exhibit B to the Complaint; and

- Grant any other relief the Court deems appropriate.

## CERTIFICATE OF COMPLIANCE

Essentially Engineered's counsel states that it has complied with Section III.F.2 of the Court's Practice Standards by conferring with opposing counsel in good faith prior to filing this motion. Essentially Engineered and JTI exchanged letters and correspondence regarding the pleading deficiencies identified above and, consequently, Essentially Engineered brings this partial motion to dismiss.

Dated: May 29, 2026                          Respectfully submitted,

**KUTAK ROCK, LLP**

*s/Jason S. Jackson*
Jason S. Jackson
2001 16th Street, Suite 1800
Denver, CO 80202
jason.jackson@kutakrock.com
(303) 297-2400

8

9

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being electronically served via the Court's CM/ECF system to all counsel of record on this 29th day of May, 2026.

/s/ Jason S. Jackson
Jason S. Jackson