IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:26-cv-01750-PAB-NRN

**JTI SUPPLIES LLC**,

Plaintiff,

v.

**ESSENTIALLY ENGINEERED, LLC**,

Defendant.

---

**SCHEDULING ORDER IN A PATENT CASE**

---

**1.    DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The conference was held on June 9, 2026. Bobby Braxton and Casey Griffith were present for Plaintiff. Jason Jackson was present for Defendant.

**Plaintiff's Counsel:**

Bobby Braxton – bbraxton@braxtonip.com, 401 E. Main Street Ste 25, Montrose CO 81401, 469-814-0032

Casey Griffith – casey.griffith@griffithbarbee.com, 1722 Routh St. Ste. 910, Dallas TX 75201, 214-446-6020

**Defendant's Counsel:**

Jason Jackson – jason.jackson@kutakrock.com, 2001 16th St. Mall Suite 1800, Denver CO 80202, 303-297-2400

Scott J. Strohm – scott.strohm@kutakrock.com, 2405 Grand Boulevard, Suite 600, Kansas City, MO 64108, 816-502-4620

**2.    STATEMENT OF JURISDICTION**

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper under 28 U.S.C. §§ 1391 and 1400(b). The Court will also have subject matter jurisdiction over Defendant's anticipated Lanham Act false-advertising counterclaim under 15 U.S.C. § 1121 and 28 U.S.C. § 1331.

SCHEDULING ORDER IN A PATENT CASE                                                                                1

3. **STATEMENT OF CLAIMS AND DEFENSES**

a. Plaintiff:  Plaintiff owns U.S. Patent No. 12,466,305. Plaintiff sells products covered by the '305 Patent. Defendant infringes one or more claims under 35 U.S.C. § 271(a). Defendant has not provided an answer or counterclaims, so Plaintiff is unaware, at this time, of any counterclaims which might be asserted against it.

b. Defendant:  Defendant denies that it infringes any valid, enforceable claim of the '305 Patent, directly or indirectly, and denies that Plaintiff is entitled to the relief it seeks. Defendant intends to file counterclaims of patent non-infringement and invalidity when it files its answer.  Defendant further intends to assert a counterclaim for false advertising under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), arising from Plaintiff's public representations that its products are manufactured or made in the United States. Defendant will assert its Lanham Act counterclaim when it files its answer.

4. **UNDISPUTED FACTS**

The following facts are undisputed:

The '305 Patent issued on November 11, 2025.

Defendant sells products through the website https://integraltruck.com/

5. **COMPUTATION OF DAMAGES**

Plaintiff will rely upon lost profits and reasonable royalty to compute damages.

Defendant will seek damages and disgorgement of Plaintiff's profits on its Lanham Act false-advertising counterclaim, in amounts to be computed following discovery.

6. **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

a. Date of Rule 26(f) meeting. The Rule 26(f) meeting was held on June 9, 2026.

b. Names of each participant and party he/she represented. Bobby Braxton and Casey Griffith for Plaintiff; Jason Jackson for Defendant.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made. Disclosures will be made by June 23, 2026.

d. Statement concerning any agreements to conduct informal discovery: The parties' discussion regarding discovery and agreements are ongoing.

e. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: The parties are in agreement to take steps to reduce litigation costs.

f. Statement as to whether the parties anticipate ... extensive electronically stored information .... Neither party believes that substantial ESI is implicated in this case. The parties agree to work together to reduce the burden on each party.

SCHEDULING ORDER IN A PATENT CASE                                           2

g.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case. The parties conducted a brief discussion on settlement and agreed to continue that discussion after further discussion with their respective clients.

**7.    CONSENT**

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

**8.    CASE PLAN AND SCHEDULE**

a.    Deadline to join parties and amend pleadings: August 14, 2026.

**Infringement Contentions**

b.    Deadline to serve Infringement Contentions, Claim Chart(s), and produce accompanying documents: Wednesday, July 29, 2026.

c.    Deadline to serve Response to Infringement Contentions and produce accompanying documents: Wednesday, September 9, 2026.

**Invalidity Contentions**

d.    Deadline to serve Invalidity Contentions and Claim Chart(s) and produce accompanying items of prior art: Wednesday, September 9, 2026.

e.    Deadline to serve Response to Invalidity Contentions and Claim Chart(s) and produce accompanying documents: Wednesday, October 21, 2026.

**Opinion of Counsel**

f.    Deadline to make opinion(s) of counsel available for inspection and copying: 60 days before the close of discovery.

**Claim Construction**

g.    Deadline for parties to exchange list of claim terms to be construed and proposed construction, identifying up to ten (10) of the most critical terms: Wednesday, November 18, 2026.

h.    Deadline to file Joint Disputed Claim Terms Chart: Wednesday, December 16, 2026.

i.    Proposed month for technology tutorial with District Judge and Magistrate Judge (optional): March.

j.    Deadline to file opening Claim Construction brief and all supporting evidence: Wednesday, January 13, 2027.

k.    Deadline to file Response to opening Claim Construction brief and all supporting evidence: Wednesday, February 3, 2027.

l.    Deadline to file reply brief in support of opening Claim Construction brief: February 10, 2027.

m.    Proposed month for claim construction hearing and estimated time necessary for the hearing: April, 2027.

**Final Patent Disclosures**

n.      Deadline to file Final Infringement Contentions: 28 days after the Court's Claim Construction Order.

o.      Deadline to file Final Invalidity Contentions: 21 days after receiving Final Infringement Contentions.

**Fact Discovery, Expert Disclosures, and Dispositive Motions Deadlines**

p.      Fact discovery deadline: 3 months after the Court's Claim Construction Order.

q.      Expert Witness Disclosure.

1.      The parties shall identify anticipated fields of expert testimony, if any. The parties anticipate experts on patent infringement, validity, and damages. Defendant further anticipates expert testimony on consumer perception and false advertising, and, to the extent placed at issue, on product country-of-origin and substantial transformation, in connection with its Lanham Act counterclaim.

2.      Limitations which the parties propose on the use or number of expert witnesses. None at this time.

3.      The parties shall designate all affirmative experts and provide the information specified in Fed. R. Civ. P. 26(a)(2) on or before 30 days after the close of fact discovery.

4.      The parties shall designate all rebuttal experts and provide the information specified in Fed. R. Civ. P. 26(a)(2) on or before 30 days after affirmative expert disclosures.

r.      Expert discovery deadline: 4 months after the Court's Claim Construction Order.

s.      Dispositive motions deadline: 5 months after the Court's Claim Construction Order.

**9.      DISCOVERY LIMITATIONS**

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories: None at this time.

b.      Limitations which any party proposes on the length of depositions: None at this time.

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission: The parties agree there should be no limit on RFA's to authenticate documents. The parties agree to limit requests for production to 30 per side.

d.      Other Planning or Discovery Orders

1.      Deadline for filing proposed protective order(s): June 22, 2026.

2.      Other issues:

**10.      DATES FOR FURTHER CONFERENCES**

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.      Status conferences will be held in this case at the following dates and times: ____.

SCHEDULING ORDER IN A PATENT CASE                                                                4

b.      A final pretrial conference will be held in this case on _____. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11.    OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort were unable to reach an agreement: None at this time.

b.      Anticipated length of trial and whether trial is to the court or jury: Jury trial is requested. Plaintiff requests 3 days; Defendant estimates 5 days in light of its anticipated Lanham Act claims.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at Colorado Springs, Grand Junction, or Durango.

## 12.    NOTICE TO COUNSEL AND PRO SE PARTIES

Motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1.

Counsel will be expected to comply with the Practice Standards of the presiding judicial officer.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

## 13.    AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____, 2026.

BY THE COURT:

_____
United States Magistrate Judge

SCHEDULING ORDER IN A PATENT CASE                 5

**APPROVED:**


/s/ *Casey Griffith*                          /s/ *Jason S. Jackson*

Casey Griffith                              Jason S. Jackson / Scott J. Strohm
Griffith Barbee PLLC                        Kutak Rock LLP
1722 Routh Street, Suite 910                2001 16th Street, Suite 1800
Dallas, TX 75201                            Denver, CO 80202
(214) 446-6020                              (303) 297-2400

*Attorney for Plaintiff*                    *Attorney for Defendant*

SCHEDULING ORDER IN A PATENT CASE                                    6